On Rehearing.
SIMON, Justice.
In the application of the City of New Orleans for a rehearing counsel represented that the specific instances of illegal discrimination set forth and relied on in our original opinion as a basis of our denial to the City of the injunctive relief sought could be proved, upon the cause being remanded to the court below, by the introduction of available evidence to be in fact in *863 stances of legal and nonconforming uses of ancient vintage, long ante-dating the invoked municipal zoning and Vieux Carre ordinances. Upon this representation we granted a rehearing.
When this matter was reargued before us counsel frankly admitted the uncertainty of the alleged available evidence to disprove these specific instances of illegal discrimination. However, a reexamination of the record fully convinces us of the correctness of our original decree for we find ample evidence of the existence of these specified instances of illegal discrimination.
Counsel for the City erroneously assumed that the acts of unjust and illegal discriminations specifically referred to in our original opinion was considered by us as a denial to Levy of an equal protection of the law in violation of the 14th Amendment of the U. S. Constitution, and therefore contends that we have fallen in error. This assumption is clearly erroneous for though reference is made to the provisions of the 14th Amendment granting equal legal protéction of the law to all persons, we did not intend nor did we actually hold that such acts of discrimination rendered the subject municipal zoning and Vieux Carre ordinance violative of said amendment and therefore 'Unconstitutional. By our decree we simply denied the injunctive process sought by the City because of its illegal discriminatory practices in the enforcement of said ordinances. :
In the instant case the City seeks a mandatory injunction to compel the defendant to remove a covering erected by him over an open space in his business establishment in alleged violation of the municipal zoning and Vieux Carre ordinances and consequently invokes the principles of equity.
We are instantly cognizant of the marked distinction which is drawn between acts of discrimination which are held to be violative of our constitutional provisions and those acts of discrimination which are held to be violative of our time-honored principles of equity, though strictly within the law.
Relative to the first instance Justice McCaleb, in concurring with the decree originally rendered, quoted at length from in the leading case of Snowden v. Hughes, 321 U.S. 1, 9, 64 S.Ct. 397, 400, 88 L.Ed. 497, 503, wherein the Supreme Court of the United States discussed the standard to be applied in determining whether an ordinance or statute, by its unequal administration or enforcement, contravenes constitutional rights, and, in part, said: “The un-. lawful administration by state officers of a state statute fair on its face, resulting in its unequal application to those who are entitled to be treated alike, is not a denial of equal protection unless there is shown to be present in it an element of intentional or purposeful discrimination. * * * ”
In the instant case there is no proof that in the enforcement of the municipal *865 zoning and Vieux Carre ordinances that the City acted with a deliberate discriminatory design, intentionally favoring one individual or class over another. It is well accepted that a discriminatory purpose is never presumed and that the enforcement of the laws by public authorities vested, as they are, with a measure of discretion will, as a rule, be upheld.
Relative to the latter instance of discriminatory acts referred to above, it is axiomatic that while a court of equity endeavors to promote and enforce justice, good faith, uprightness, fairness, and conscientiousness on the part of the parties who occupy a defensive position in judicial controversies, it no less stringently demands the same from the litigants who come before it as plaintiffs in such controversies. This fundamental principle is expressed in the maxim: “He who comes into a court of equity must come with clean hands.” This doctrine universally affects the entire administration of equity jurisprudence as a system of remedies and remedial rights.
It is likewise fundamental that equity imperatively demands of suitors in its courts fair dealing and righteous conduct with reference to the matters concerning which they seek relief. One who has resorted to injustice, unfairness and unrighteous dealing, which it is the purpose of courts of equity to suppress, will appeal in vain, even though in his wrongdoing he may have kept himself strictly within the law. Manifestly, under this maxim any act which would be condemned and pronounced wrongful by honest and fair-minded men must be held sufficient to make the hands of one who seeks equity unclean.
Having originally held that the City of New Orleans practiced specific instances of unfair discrimination, pursuing a course of conduct naturally calculated, if not deliberately intended, to bring about the very conditions which led it to the portals of equity, we, as a court of equity, will be closed and the said applicant held remediless.
For the reasons assigned, the former judgment of the Court is reinstated and now made final.